(June 28, 1995)

■ In the Matter of JAMES M. RUSSELL, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [628 NYS2d 611] —Per Curiam. Respondent was admitted to practice in 1966 by the Appellate Division, Second Department.

On April 14, 1994, this Court suspended respondent from practice, effective May 5, 1994, pending his compliance with a subpoena duces tecum obtained by petitioner, the Committee on Professional Standards, and until further order of the Court (*Matter of Russell*, 203 AD2d 707). At the time of his suspension, respondent maintained a law office in Fulton County. The suspension has remained in effect to date.

Petitioner now moves to strike respondent's name from the roll of attorneys because he pleaded guilty on May 10, 1995 in

Westchester County Court to one count of grand larceny in the fourth degree, a class E felony (Penal Law § 155.30). Sentencing has been scheduled for July 24, 1995. The criminal offense arose from respondent's handling of trust funds. Respondent has not appeared on the motion.

Pursuant to Judiciary Law § 90 (4) (a), an attorney convicted of a criminal offense classified as a felony under the laws of this State shall cease to be an attorney upon such conviction. Respondent's plea of guilty was equivalent to a conviction for attorney discipline purposes (*see, e.g., Matter of Burke*, 188 AD2d 733; *Matter of Ballinger*, 148 AD2d 152, 153).

We therefore grant petitioner's motion to strike respondent's name from the roll of attorneys and disbar respondent, effective immediately.

Cardona, P. J., White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that petitioner's motion to strike respondent's name from the roll of attorneys be and hereby is granted; and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.