[843 NYS2d 502]

In the Matter of DAVID M. SHEEGER (Admitted as DAVID MITCH-
ELL SHEEGER), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, October 23, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary
Committee,* New York City (*Raymond Vallejo* of counsel), for
petitioner.

*David M. Sheeger,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent David M. Sheeger was admitted to the practice of

law in the State of New York by the Second Judicial Department on June 1, 1983. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On August 1, 2007, respondent pleaded guilty to offering a false instrument for filing in the first degree (Penal Law § 175.35), a class E felony. Pursuant to a plea agreement, respondent admitted to filing multiple retainer statements with the Office of Court Administration in 2002, in which he failed to acknowledge that the cases involved had been referred from an individual known to him as Jack Peters, whom he later learned to be Jean Phillipe Landi, and instead falsely indicated that the referral was from an advertisement or from some other source. In doing so, respondent admitted, he intended to defraud the Office of Court Administration, and actually profited in the amount of over $110,000.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been automatically disbarred upon his conviction of a New York State felony, as defined by Judiciary Law § 90 (4) (e). Respondent has consented to the relief requested in the petition.

Having been convicted of a criminal offense classified as a felony in New York, respondent automatically ceased to be an attorney by operation of law upon entry of his guilty plea (*see Matter of Samuels*, 309 AD2d 7 [2003]; *Matter of Ashdjian*, 287 AD2d 217 [2001]). Therefore, Judiciary Law § 90 (4) (b) mandates that his name be stricken from the roll of attorneys.

Accordingly, the petition to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted, effective nunc pro tunc to August 1, 2007.

MAZZARELLI, J.P., SAXE, SULLIVAN, CATTERSON and KAVANAGH, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 1, 2007.