[848 NYS2d 173]

In the Matter of PETER A. BARTA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 2008

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Peter A. Barta was admitted to the practice of law in the State of New York by the Second Judicial Department on February 9, 2000. At the time respondent engaged in the criminal activity that led to his felony conviction, he was an attorney at the Legal Aid Society located in Manhattan.

On October 24, 2007, respondent pleaded guilty to unlawful surveillance in the second degree (Penal Law § 250.45), a class E felony. At the plea hearing, he admitted that during the period from approximately May 25, 2004 through September 30, 2004, for his own entertainment, he intentionally used an imaging device to surreptitiously record and review a person dressing or undressing in the offices at the Legal Aid Society when that person had a reasonable expectation of privacy, and without that person's knowledge. Respondent is scheduled to be sentenced on December 3, 2007, to a promised sentence of a conditional discharge, the condition being one year of weekly counseling with proof of continued counseling.

The Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he has been automatically disbarred upon his conviction of a New York State felony, as defined by Judiciary Law § 90 (4) (e) (*Matter of Sheeger*, 46 AD3d 119 [2007] [automatic disbarment where attorney convicted of offering a false instrument for filing]; *Matter of Cornelio*, 29 AD3d 55 [2006] [automatic disbarment where conviction of, inter alia, criminal sexual act in second degree]).

Respondent's counsel was served with this petition by mail but has not submitted a response.

Respondent ceased to be an attorney in New York upon his conviction of a felony (Judiciary Law § 90 [4] [a]; *Matter of Singer*, 12 AD3d 15 [2004]). The fact that respondent has not yet been sentenced does not impede the Committee's petition since, for purposes of disbarment, conviction occurs at the time of plea (*see Matter of Chilewich*, 20 AD3d 109 [2005]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 24, 2007.

L<small>IPPMAN</small>, P.J., M<small>ARLOW</small>, W<small>ILLIAMS</small>, G<small>ONZALEZ</small> and M<small>c</small>G<small>UIRE</small>, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 24, 2007.