[895 NYS2d 87]

In the Matter of RAYMOND B. HARDING, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 23, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Kramer Levin Naftalis & Frankel LLP* (*Gary P. Naftalis* and *David S. Frankel* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Raymond B. Harding was admitted to the practice of law in the State of New York by the First Judicial Department on December 11, 1961. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

On October 6, 2009, respondent pleaded guilty in Supreme Court, New York County, to one count of violating General Business Law § 352-c (6), a class E felony, and one count of violating General Business Law § 352-c (1) (c) and (4), a class A misdemeanor. Respondent, the one-time leader of New York's Liberal Party, admitted during his plea allocution, inter alia, that from June 2003 through July 2008 he wrongfully obtained more than $800,000 in state pension investment fees from the fraudulent sale of securities as placement agent on certain investment transactions of named funds with the New York State Common Retirement Fund. Respondent stated that during Alan Hevesi's tenure as State Comptroller, Hevesi's political advisor inserted respondent as placement agent on certain investment transactions with the New York State Common Retirement Fund, so that he could receive hundreds of thousands of dollars in fees as reward for his political support of Hevesi.

In light of respondent's felony conviction, the Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys.

Respondent, through counsel, does not oppose the motion and states that respondent's plea agreement contemplates that upon completion of his cooperation with the Attorney General's investigation, respondent will be permitted to withdraw his plea to the felony charge, leaving only his plea to the misdemeanor charge. At such time, respondent intends to petition the Court to vacate the order of disbarment and apply for reinstatement.

Since respondent was convicted of a criminal offense classified as a felony in New York (*see* Judiciary Law § 90 [4] [e]), he automatically ceased to be an attorney by operation of law upon entry of his guilty plea and his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (*see Matter of Barta*, 49 AD3d 141 [2008]).* Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 6, 2009.

---

* For purposes of disbarment, conviction occurs at the time of plea (*see Matter of Chilewich*, 20 AD3d 109 [2005]).

Tom, J.P., Andrias, McGuire, Richter and Manzanet-Daniels, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 6, 2009.