================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 56
In the Matter of Daniel
Kasckarow,
          Appellant,
        v.
Board of Examiners of Sex
Offenders of State of New York,
          Respondent.


        Anna Pervukhin, for appellant.
        Claude S. Platton, for respondent.




MEMORANDUM:

        The order of the Appellate Division should be affirmed,

without costs.

        In 1998, petitioner Daniel Kasckarow was charged in

Florida with the felony offense of indecent assault for

committing an act of sexual battery on a child under the age of

- 1 -

16 (see former Florida Stat §§ 800.04 [3]; 794.011 [1] [h]).
Petitioner, who contends he was 18 years old at the time of the
offense and engaged in consensual sex with a 15-year-old high
school classmate,* entered a plea of nolo contendere to the
charge.  The Florida court withheld adjudication, entering an
order of supervision and placing petitioner on "sex offender
probation" for four years.  In 2001, he was granted early
termination, but was still required to register under Florida's
sex offender registration laws for the rest of his life (see Fla
Stat §§ 943.0435 [1] [a] [1] [a] [I], [11]).

Petitioner subsequently notified New York authorities
of his status as a sex offender in Florida, and of his intent to
move to New York (Correction Law § 168-k [1]).  The Board of
Examiners of Sex Offenders (the Board) determined that petitioner
was required to register in New York under the Sex Offender
Registration Act (SORA) because he had been convicted of a sex
offense within the meaning of Correction Law § 168-a.  As
relevant here, SORA defines a "sex offender" as "any person who
is convicted" of a "sex offense" (Correction Law §§ 168-a [1],
[2]), and a "sex offense" includes "a conviction of . . . a
felony in any other jurisdiction for which the offender is
required to register as a sex offender in the jurisdiction in
which the conviction occurred" (id. § 168-a [2] [d] [ii]).

_____

     *The record does not reveal the exact age of the victim or
the circumstances of the sexual encounter in Florida.

Petitioner brought this CPLR article 78 proceeding to challenge the Board's determination. He argued that the disposition of his Florida felony did not constitute a "conviction" within the meaning of SORA for two reasons: he pleaded nolo contendere and the Florida court withheld adjudication. Supreme Court dismissed the petition, holding that "a nolo contendere plea is generally deemed a conviction" and "nothing unique about SORA . . . suggests that a nolo contendere plea should be treated differently for purposes of SORA registration" (33 Misc 3d 1028, 1032-1033 [Sup Ct, Kings County 2011]). Further, although SORA does not define "conviction," CPL 1.20 (13) states that "conviction includes the entry of a plea of guilty to an accusatory instrument (or counts thereof)" (id. at 1031 [internal quotation marks omitted]). Because petitioner's guilty plea was a conviction, "the fact that adjudication was withheld ha[d] no bearing on whether the Florida crime constitute[d] a conviction for purposes of SORA" (id. at 1033). The Appellate Division affirmed (106 AD3d 915 [2d Dept 2013]), and we granted petitioner leave to appeal (22 NY3d 851 [2013]). We now affirm.

Petitioner again contends that because nolo contendere pleas are not recognized in New York, they cannot serve as the basis for a conviction within the meaning of SORA. We held in People v Daiboch (265 NY 125 [1934]), however, that the entry of a nolo contendere plea in another jurisdiction, followed by a

judgment placing the defendant on probation for two years, was a prior conviction for purposes of sentencing the defendant as a second offender.  Although Daiboch did not involve SORA, we confronted the same issue presented by this case: whether a defendant's out-of-state nolo contendere plea for which a non-incarceratory sentence was imposed qualifies as a conviction in New York.  Nolo contendere pleas, like Alford pleas, are "no different from other guilty pleas" (Matter of Silmon v Travis, 95 NY2d 470, 475 [2000] [recognizing that an Alford plea may generally be used for the same purposes as any other conviction]).  And because New York defines a conviction to include the entry of a guilty plea, regardless of the subsequent sentence or judgment, the ultimate disposition of petitioner's Florida conviction is irrelevant.  New York distinguishes between a conviction and a "judgment of conviction," the latter of which includes "a conviction and the sentence imposed thereon" (CPL 1.20 [15]).  As we have previously observed, the Legislature intended the Criminal Procedure Law to provide the "definitive meaning" of the term "conviction" for other criminal statutes, and it meant what it said when it defined "conviction" separately from a judgment or sentence (People v Montilla, 10 NY3d 663, 668 [2008]).

We have reviewed petitioner's remaining arguments and consider them to be without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs, in a memorandum.  Chief Judge
Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and
Fahey concur.

Decided May 7, 2015