## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 10, 2015          D-62-15
_____

In the Matter of ANYA A. TENDLER,
    an Attorney.

                                   MEMORANDUM AND ORDER
                                          ON MOTION

(Attorney Registration No. 4717286)

_____


Calendar Date:  August 24, 2015

Before:  McCarthy, J.P., Garry, Egan Jr. and Devine, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

        Anya A. Tendler, Canton, pro se.


                        _____


Per Curiam.

        Anya A. Tendler was admitted to practice by the First
Department in 2009, and currently maintains an office for the
practice of law in the Town of Canton, St. Lawrence County.

        On October 28, 2014, Tendler pleaded guilty to one count of
aggravated driving while intoxicated (see Vehicle and Traffic Law
§ 1192 [2-a] [b]), a felony.  The Committee on Professional
Standards now moves pursuant to Judiciary Law § 90 (4) (a) and
(b) to strike Tendler's name from the roll of attorneys.  By
affirmation in response, dated August 17, 2015, Tendler opposes
the motion on the ground that she was not convicted of a felony
as defined in Judiciary Law § 90 (4) (a) and (e).  Alternatively,
Tendler requests that the subject motion be held in abeyance for
four months pending completion of her interim probation.

Tendler was automatically disbarred and ceased to be an attorney by operation of law in October 2014 when she entered her guilty plea to a felony, which, for attorney discipline purposes, served as the equivalent of a conviction (see Judiciary Law § 90 [4]; Matter of Montague, 130 AD3d 1297, 1298 [2015]; Matter of Sanderson, 119 AD3d 1318, 1318 [2014]; Matter of Reidy, 77 AD3d 1276, 1276 [2010]). Consequently, "[the Committee's] motion to strike [Tendler's] name from the [roll] of attorneys [is] a formality which merely confirms [Tendler's] disbarred status" (Matter of Montague, 130 AD3d at 1298; see Matter of Brunet, 106 AD3d 1443, 1443 [2013]; Matter of Sanderson, 119 AD3d at 1318). The terms of Tendler's underlying plea agreement, meanwhile, do not mandate a different result. While an attorney's disbarment upon a plea of guilty to a felony is automatic, the fact that her plea agreement contemplates the subsequent withdrawal of her felony guilty plea upon successful completion of a period of interim probation, leaving only a plea to a misdemeanor offense, would not serve to automatically restore her to the bar – to attain said relief, she must make a motion for reinstatement (cf. Matter of Toro v Malcolm, 44 NY2d 146, 152 [1978]; Matter of Montague, 130 AD3d at 1298; see also Matter of Harding, 73 AD3d 148, 149 [2010]).

Therefore, we grant the Committee's motion and strike Tendler's name from the roll of attorneys nunc pro tunc to October 28, 2014.

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Anya A. Tendler's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to October 28, 2014; and it is further

ORDERED that Anya A. Tendler is commanded to desist and refrain from the practice of law in any form, either as a principal or as agent, clerk or employee of another; and Tendler is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Anya A. Tendler shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court