*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 19, 2015                D-83-15
_____

In the Matter of JAMES P. DAWSON,
    a Disbarred Attorney.
                                          MEMORANDUM AND ORDER
                                                ON MOTION
(Attorney Registration No. 1132646)

_____

Calendar Date:   October 26, 2015

Before:   McCarthy, J.P., Garry, Egan Jr., Rose and Lynch, JJ.

_____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

        James P. Dawson, Elizabethtown, pro se.

_____

Per Curiam.

        James P. Dawson was admitted to practice by this Court in
1972 and currently lists a business address in the Town of
Elizabethtown, Essex County with the Office of Court
Administration.

        On June 22, 2015, Dawson pleaded guilty before Essex County
Court to a single count of driving while intoxicated (see Vehicle
and Traffic Law § 1192 [3]), as a class E felony due to a prior
2009 misdemeanor conviction of driving while intoxicated (see
Vehicle and Traffic Law § 1193 [1] [c] [i] [A]).  By order to
show cause returnable October 26, 2015, the Committee on
Professional Standards now moves to strike Dawson's name from the
roll of attorneys based upon his felony conviction (see Judiciary
Law § 90 [4] [a], [b]).  Dawson opposes the application,
contending that this Court lacks subject matter jurisdiction over

the matter since he "was not an attorney licensed to practice law at the time of [his] conviction."

We disagree. Although Dawson has self-certified as retired from the practice of law since 2012, his retired status precludes him from practicing law for a fee and entitles him to a waiver of the biennial registration fees, but does not preclude him from providing legal services pro bono (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). His obligation to register as an attorney has continued unabated (see Judiciary Law § 468-a [4]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c]) and, in fact, Dawson remains currently registered to date, having last registered in March 2014.

Retirement from practice and resignation from the bar are not synonymous concepts. Resignation from the bar, like admission to the bar, requires an order of this Court and may be accomplished only by sworn affidavit application. Once the application to resign has been granted, the former attorney's name is formally stricken from the roll of attorneys; he or she is thereafter prohibited from practicing law in any respect (compare Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]) and becomes subject to stringent notice, filing and record-keeping requirements (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9; see also Judiciary Law §§ 478, 479, 484, 486). Inasmuch as Dawson has not undertaken the steps necessary to effectuate his resignation from the bar, his name remains on the roll of attorneys and he therefore remains subject to the disciplinary authority of this Court.

Dawson was disbarred by operation of law upon his plea of guilty to a felony (see Judiciary Law § 90 [4]; Matter of Tendler, 131 AD3d 1301, 1302 [2015]; Matter of Montague, 130 AD3d 1297, 1298 [2015]; Matter of Sanderson, 119 AD3d 1318, 1318 [2014]; Matter of Reidy, 77 AD3d 1276, 1276 [2010]). Accordingly, our sole ministerial obligation is to publicly confirm Dawson's disbarred status by now striking his name from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Tendler, 131 AD3d at 1302; Matter of Montague, 130 AD3d at 1298; Matter of Sanderson, 119 AD3d at 1318; Matter of Brunet, 106 AD3d 1443, 1443 [2013]).

McCarthy, J.P., Garry, Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that James P. Dawson's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to June 22, 2015; and it is further

ORDERED that James P. Dawson is commanded to desist and refrain from the practice of law in any form, either as a principal or as agent, clerk or employee of another; and Dawson is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that James P. Dawson shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court