Per Curiam.
In 1987, Christopher P. Sullivan was admitted to practice by this Court and in Vermont, where he currently resides.
By order filed November 24, 2015, the Vermont Supreme Court disbarred Sullivan on consent from the practice of law, nunc pro tunc to June 12, 2015, the date that he had been placed on interim suspension (Matter of Sullivan, 2015 Vt 141, 135 A3d 272 [2015]) following his conviction of two felony counts for driving under the influence of intoxicating liquors with death resulting (see 23 VSA §§ 1201 [a] [2]; 1210 [f] [1]) and leaving the scene of a fatal motor vehicle crash (see 23 VSA § 1128 [a], [c]). This order was premised upon, among other things, Sullivan’s affidavit of resignation filed with the Vermont Professional Responsibility Board, which provided that, as a result of his two felony convictions, he violated Vermont Rules of Professional Conduct rule 8.4 (b).
The Committee on Professional Standards now moves for an order imposing discipline in this state pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.19 by reason of the discipline imposed in Vermont. Sullivan opposes the application contending that, among other things, this Court lacks subject matter jurisdiction over the matter since he “filed the necessary documents to resign from the New York State Bar.”
We disagree. Although Sullivan has self-certified as retired from the practice of law since 2015, his retired status precludes *1392 him from practicing law for a fee and entitles him to a waiver of the biennial registration fees; however, it does not preclude him from providing legal services pro bono (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]) and his obligation to register as an attorney has continued unabated (see Judiciary Law § 468-a [4]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c]). Notably, Sullivan remains currently registered to date, having last registered in November 2015.
Resignation from the bar, on the other hand, “requires an order of this Court and may be accomplished only by sworn affidavit application” (Matter of Dawson, 133 AD3d 1083, 1084 [2015]; see Rules of App Div, 3d Dept [22 NYCRR] § 806.8; see also Matter of O’Brien, 224 AD2d 170, 170 [1996]). Here, no sworn affidavit application was ever filed by Sullivan requesting that this Court accept his resignation from the practice of law. Accordingly, since Sullivan has not undertaken the steps necessary to effectuate his resignation from the bar, his name remains on the roll of attorneys and he remains subject to the disciplinary authority of this Court (see Matter of Dawson, 133 AD3d at 1084).
Turning to the merits, we find that Sullivan has failed to establish any available defenses (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19) and, therefore, we grant the Committee’s motion. We further conclude that, under the circumstances presented and in the interest of justice, Sullivan should be disbarred in this state (see Matter of Karnazes, 128 AD3d 1169, 1169 [2015]).
Lahtinen, J.R, McCarthy, Rose, Devine and Aarons, JJ., concur.
Ordered that the motion of the Committee on Professional Standards is granted; and it is further ordered that Christopher P. Sullivan is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that Christopher P. Sullivan is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Sullivan is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that Christopher P. Sullivan shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).