■ In the Matter of ROBERT WILLIAM TECLER, a Disbarred Attorney. [57 NYS3d 437]—

Per Curiam. Respondent was admitted to practice by this Court in 2001 and lists a Saratoga County business address with the Office of Court Administration. Respondent was suspended from the practice of law for one year by September 2013 order of this Court (109 AD3d 1077 [2013]), and said

suspension remains in effect.* On January 19, 2017, respondent pleaded guilty, in an unrelated matter, to one count of grand larceny in the second degree, a class C felony (*see* Penal Law § 155.40). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to strike respondent's name from the roll of attorneys and counselors at law due to his felony conviction. Respondent has not replied to the motion.

Respondent was automatically disbarred and ceased to be an attorney by operation of law in January 2017 when he entered his guilty plea to a felony, which, for attorney discipline purposes, was equivalent to a conviction (*see* Judiciary Law § 90 [4] [a]; *Matter of Doyle*, 138 AD3d 1232, 1232 [2016]; *Matter of Sanderson*, 119 AD3d 1318, 1318 [2014]). Consequently, AGC's "motion to strike [respondent's] name from the [roll] of attorneys [is] a formality which merely confirms [his] disbarred status" (*Matter of Montague*, 130 AD3d 1297, 1298 [2015]; *see Matter of Brunet*, 106 AD3d 1443, 1443 [2013]). Accordingly, we grant AGC's motion and strike respondent's name from the roll of attorneys nunc pro tunc to January 19, 2017 (*see Matter of Tendler*, 131 AD3d 1301, 1302 [2015]).

Garry, J.P., Lynch, Devine, Clark and Rumsey, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to January 19, 2017; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

---

* Respondent is also presently delinquent in his attorney registration requirements, having failed to register for the past two biennial registration periods beginning in 2013 (*see* Judiciary Law § 468-a).