(August 31, 2017)

■ In the Matter of JEFFREY WILLIAM BUTCHER, a Disbarred Attorney. [58 NYS3d 869]—

Per Curiam. Respondent was admitted to practice by this Court in 2014 and currently lists a business address in Tompkins County with the Office of Court Administration. In April 2017, respondent pleaded guilty in Tompkins County to the class E felony of attempted perjury in the first degree and was later sentenced to, among other things, a conditional discharge for a term of three years. By order to show cause returnable August 7, 2017, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) seeks to strike respondent's name from the roll of attorneys based upon his felony conviction (see Judiciary Law § 90 [4] [a], [b]). Respondent has not replied to the motion.

Respondent was automatically disbarred and ceased to be an attorney by operation of law in April 2017 when he entered his guilty plea to a felony, which, for attorney discipline purposes, served as the equivalent of a conviction (see Judiciary Law § 90 [4]; Matter of Tendler, 131 AD3d 1301, 1302 [2015]; Matter of Montague, 130 AD3d 1297, 1298 [2015]; Matter of Sanderson, 119 AD3d 1318, 1318 [2014]). Accordingly, the motion by AGC to strike respondent's name from the roll of attorneys is a formality that merely confirms respondent's disbarment (see Matter of Tendler, 131 AD3d at 1302; Matter of Brunet, 106 AD3d 1443, 1443 [2013]). Given these circumstances, we grant AGC's motion and strike respondent's name from the roll of attorneys nunc pro tunc to April 3, 2017.

Peters, P.J., McCarthy, Egan Jr., Aarons and Pritzker, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent's name is hereby stricken

from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 3, 2017; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).