Matter of Craft (2018 NY Slip Op 00605)





Matter of Craft


2018 NY Slip Op 00605


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018


[*1]In the Matter of PETER LEE CRAFT, an Attorney. (Attorney Registration No. 2401792)

Calendar Date: January 2, 2018

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Peter Lee Craft, Milford, Connecticut, respondent pro se.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1991 and currently lists a business address in Milford, Connecticut with the Office of Court Administration. He currently resides in Connecticut, where he was previously admitted in 1982.
In August 2016, respondent pleaded guilty and was convicted of operating a motor vehicle while under the influence of alcohol (hereinafter DWI) in violation of Connecticut General Statutes § 14-227a, which, due to respondent's previous 2008 DWI convictions, is deemed a felony in Connecticut (see McCoy v Commissioner of Public Safety, 300 Conn 144, 12 A3d 948 [2011]). Following respondent's conviction, the Connecticut Office of Disciplinary Counsel presented respondent's disciplinary matter to the Connecticut Superior Court for the Judicial District of Fairfield. By agreement of the parties, respondent was placed on interim suspension in November 2016. Following a hearing,
Superior Court suspended respondent from the practice of law in that state for 2½ years retroactive to the date of his interim suspension.[FN1]
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for alternative relief, by motion returnable on December 11, 2017. First, AGC seeks an order striking respondent's name from the roll of attorneys, nunc pro tunc, to the date he pleaded guilty to felony DWI in Connecticut on the basis that he has been automatically disbarred due to his felony conviction. Alternatively, AGC moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent in this state based upon his suspension in Connecticut. Respondent has submitted a reply affidavit wherein he presents arguments in mitigation and AGC thereafter submitted a reply to respondent's affidavit with leave of this Court.
In New York, "[a]n attorney convicted of a felony in [a foreign jurisdiction that is] essentially similar to a New York felony is automatically disbarred" (Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). We have previously held that a "felony DWI conviction in Connecticut is essentially similar to the New York felony of DWI in violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1193 (1) (c)" (Matter of Sheehan, 145 AD3d 1180, 1181 [2016]). Specifically, "the elements of Connecticut General Statutes § 14—227a include the requirements of operating a motor vehicle while under the influence of alcohol with a blood alcohol content of .08% or more by weight of alcohol," and "Connecticut and New York law both elevate such a conviction to a felony where there has been a previous DWI conviction within the past 10 years" (id.; compare Vehicle and Traffic Law § 1193 (1) (c), with Connecticut General Statutes § 14—227a (g) (2), (3), and McCoy v Commissioner of Public Safety, 300 Conn at 147-148, 12 A3d at 951).
Respondent pleaded guilty and was convicted of felony DWI in Connecticut based upon his third violation of Connecticut General Statutes § 14-227a within a 10-year period. Because respondent's Connecticut DWI conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b), we find that respondent ceased to be an attorney by operation of law at the time when he entered his guilty plea, August 5, 2016 (see Matter of Dawson, 133 AD3d 1083, 1084 [2015]). The motion by AGC, therefore, "is a formality that merely confirms respondent's disbarment" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]). Accordingly, we grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking his name from the roll of attorneys nunc pro tunc to August 5, 2016 (see Matter of Tecler, 153 AD3d 1085, 1086 [2017]).[FN2]
Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to August 5, 2016; and it is [*2]further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent failed to advise this Court or the Attorney Grievance Committee for the Third Judicial Department of his suspension in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Further, respondent failed to advise this Court (see Judiciary Law § 90 [4] [c]) or the Attorney Grievance Committee for the Third Judicial Department (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) of his criminal conviction within 30 days.

Footnote 2: Because we have confirmed respondent's disbarred status, we need not address AGC's alternative request to discipline respondent based upon his suspension in Connecticut.