Matter of Goncalves (2018 NY Slip Op 03424)





Matter of Goncalves


2018 NY Slip Op 03424


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018


[*1]In the Matter of HUMBERTA MARIA GONCALVES, Also Known as HUMBERTA M. GONCALVES-BABBITT, a Suspended Attorney. (Attorney Registration No. 3033123)

Calendar Date: April 16, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 2000
and currently lists a business address in Warwick, Rhode Island
with the Office of Court Administration. She was previously admitted to practice in Rhode Island in 1999. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1031 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Such suspension remains in full force and effect [FN1].
In February 2014, the Office of Disciplinary Counsel of the Supreme Court of Rhode Island petitioned the Supreme Court of Rhode Island to suspend respondent on an interim basis based upon allegations that respondent had engaged in serious professional misconduct stemming from, among other things, her willful misappropriation of client funds. Thereafter, the Supreme Court of Rhode Island granted the request and suspended respondent on an interim basis pending further proceedings. On July 13, 2016, based upon the same conduct that resulted in her suspension from the practice of law in Rhode Island, respondent entered a nolo contendere plea in the Rhode Island Superior Court for the Judicial District of Providence and was convicted of unlawful appropriation of an amount in excess of $1,000 and sentenced to a suspended term of [*2]eight years of incarceration and eight years of probation along with an order of restitution (see RI Gen Laws § 11-41-11.1)[FN2]. Importantly, respondent's conviction constituted a felony in Rhode Island (see RI Gen Laws § 11-1-2).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for alternative relief, by motion returnable April 13, 2018. First, AGC seeks an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of her nolo contendere plea [FN3] in Rhode Island, on the basis that she has been automatically disbarred due to her felony conviction. Alternatively, AGC moves pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent in this state based upon her February 2014 suspension in Rhode Island.
It is well-established that "[a]n attorney convicted of a felony in [a foreign jurisdiction that is] essentially similar to a New York felony is automatically disbarred" (Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). The term "essentially similar" does not require that the foreign felony be a "mirror image" of the New York felony (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, our inquiry begins with a "compari[son between] the language of the applicable New York and foreign felony statutes," along with any precedent pertaining to the foreign felony at issue (Matter of Dickstein, 105 AD3d 77, 79 [2013]).
Based on the plain language of the relevant statutes in both states, we find that the felony of unlawful appropriation in Rhode Island is essentially similar to grand larceny in the fourth degree in New York and, consequently, it serves as a proper predicate for automatic [*3]disbarment in this state. Both states proscribe the intentional appropriation of money or property with a value exceeding $1,000 (compare RI Gen Laws Ann § 11-41-11.1, with Penal Law §§ 155.00 [4] and 155.05 [1] and 155.30 [1]). Further, the monetary threshold of $1,000, as it does in New York, renders such conduct a felony in Rhode Island (see RI Gen Laws Ann § 11-1-2; see also Penal Law § 155.30). Here, respondent's conviction resulted from her intentional appropriation of client funds that significantly exceeded $1,000, and her actions would clearly constitute a felony in New York (see RI Gen Laws Ann § 11-41-11.1; Penal Law § 155.30 [1]). In light of our determination, "the motion by AGC to strike respondent's name from the roll of attorneys is a formality that merely confirms respondent's disbarment" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]). We therefore grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking her name from the roll of attorneys nunc pro tunc to July 13, 2016 (see Matter of Craft, 158 AD3d 887, 889 [2018]; Matter of Tecler, 153 AD3d 1085, 1086 [2017]).[FN4]
Garry, P.J., Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to July 13, 2016; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: According to Office of Court Administration records, respondent ceased registering in 2002 and remains delinquent in her biennial registration requirements.

Footnote 2: We note that respondent failed to advise this Court or the Attorney Grievance Committee for the Third Judicial Department of her suspension in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Further, respondent failed to advise this Court (see Judiciary Law § 90 [4] [c]) or the Committee (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) of her criminal conviction within 30 days.

Footnote 3: We note that respondent entered a nolo contendere plea, as opposed to a guilty plea, to her felony offense in Rhode Island. A guilty plea, "for attorney discipline purposes, serve[s] as the equivalent of a conviction" and results in a respondent's automatic disbarment by operation of law (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of David, 145 AD2d 150, 152 [1989]). Similarly, while New York no longer permits nolo contendere pleas (see Matter of Ward, 18 AD2d 15, 16 [1963]), our courts have recognized that nolo contendere pleas in foreign jurisdictions qualify as convictions in this state (see Kasckarow v Board of Examiners of Sex Offenders of State of N.Y., 25 NY3d 1039, 1042 [2015]; People v Daiboch, 265 NY 125, 128-129 [1934]). Such is true, "regardless of the subsequent sentence or judgment" (Kasckarow v Board of Examiners of Sex Offenders of State of N.Y., 25 NY3d at 1042; compare Matter of Farabell v Town of Macedon, 62 AD3d 1246, 1247 [2009]). Accordingly, we find that respondent's nolo contendere plea serves as the equivalent of a conviction for attorney discipline purposes.

Footnote 4: Because respondent's disbarment is automatic and we have confirmed her disbarred status, we need not address AGC's alternative request to discipline respondent based upon her suspension in Rhode Island.