Matter of Kenney (2018 NY Slip Op 05986)





Matter of Kenney


2018 NY Slip Op 05986


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018


[*1]In the Matter of SARA O'CONNOR KENNEY, an Attorney. (Attorney Registration No. 4477089)

Calendar Date: August 20, 2018

Before: Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.

 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Sara O'Connor Kenney, Voorheesville, respondent pro se.



MEMORANDUM AND ORDER 
Per Curiam.
Respondent was admitted to practice by this Court in 2007 and currently lists a business address in the City of Albany. In May 2018, respondent pleaded guilty to, among other things, aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a) (b), which conviction is deemed a class E felony in New York (see Vehicle and Traffic Law § 1193 [1] [c] [i] [B])[FN1]. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney
Disciplinary Matters (22 NYCRR) § 1240.12 (a) for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date she pleaded guilty, on the basis that she has been automatically disbarred due to her felony conviction.
Pursuant to Judiciary Law § 90 (4) (a), any attorney who has been convicted of a felony defined in Judiciary Law § 90 (4) (e) shall cease to be an attorney and counselor-at-law immediately upon such conviction. For attorney disciplinary purposes, a guilty plea "serve[s] as the equivalent of a conviction" and results in an attorney's automatic disbarment by operation of law (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of David, 145 AD2d 150, 152 [*2][1989]). Here, respondent was automatically disbarred as of the date of her guilty plea (see Matter of Tendler, 131 AD3d 1301, 1302 [2015]; see also Judiciary Law § 90 [4] [e]), and AGC's motion to strike respondent's name from the roll of attorneys is a "formality which merely confirms [her] disbarred status" (Matter of Brunet, 106 AD3d 1443, 1443 [2013]). Accordingly, we grant the motion and strike respondent's name from the roll of attorneys and counselors-at-law nunc pro tunc to May 10, 2018 (see Matter of Craft, 158 AD3d 887, 889 [2018]).
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to May 10, 2018; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent properly fulfilled her reporting obligations in a timely manner (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]).