Matter of Sherwood (2018 NY Slip Op 06069)





Matter of Sherwood


2018 NY Slip Op 06069


Decided on September 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 13, 2018


[*1]In the Matter of RICHARD JAMES SHERWOOD, an Attorney. (Attorney Registration No. 2180602)

Calendar Date: September 4, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dreyer Boyajian LLP, Albany (William J. Dreyer of counsel), for respondent.



MEMORANDUM AND ORDER 
Per Curiam.
Respondent was admitted to practice by this Court in 1988 and currently lists a business address in the City of Albany. He also previously served as Town Justice for the Town of Guilderland, Albany County. Stemming from his theft of monies belonging to a revocable trust that were intended for distribution to certain charities, on June 11, 2018, respondent pleaded guilty to grand larceny in the second degree, a class C felony (see Penal Law § 155.40 [1]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a) for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date he pleaded guilty, on the basis that he has been automatically disbarred due to his felony conviction.
Respondent was automatically disbarred and ceased to be an attorney in June 2018 when he entered his guilty plea to a class C felony in this state which, for attorney disciplinary purposes, "served as the equivalent of a conviction" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of Tecler, 153 AD3d 1085, 1086 [2017]; Matter of Wheatley, 89 AD3d 1276, 1276 [2011]). Thus, AGC's motion to strike respondent's name from the roll of attorneys is a "formality which merely confirms [his] disbarred status" (Matter of Brunet, 106 AD3d 1443, 1443 [2013]). Accordingly, we grant the motion and strike respondent's name from the roll of attorneys and counselors-at-law nunc pro tunc to June 11, 2018 (see Matter of Craft, 158 AD3d 887, 889 [2018]).
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to June 11, 2018; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).