Matter of Lagan (2019 NY Slip Op 05621)





Matter of Lagan


2019 NY Slip Op 05621


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: July 11, 2019
[*1]
In the Matter of THOMAS K. LAGAN, an Attorney.
 
(Attorney Registration No. 2041879)

Calendar Date: June 24, 2019

Before: Garry, P.J., Lynch, Devine, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1986
and currently lists a business address in the Town of Cooperstown, Otsego County. Stemming from his theft of monies belonging to a revocable trust while providing legal representation to certain of its beneficiaries, respondent pleaded guilty on April 30, 2019 to grand larceny in the first degree, a class B felony (see Penal Law § 155.42). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a), for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date he pleaded guilty, on the basis that he has been automatically disbarred due to his felony conviction. Respondent has not responded to the motion to date. Respondent was automatically disbarred and ceased to be an attorney by operation of law in April 2019 when he pleaded guilty to a class B felony in New York, which plea, for attorney discipline purposes, "served as the equivalent of a conviction" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of Sherwood, 164 AD3d 1539, 1539 [2018]). Accordingly, "AGC's motion to strike respondent's name from the roll of attorneys is a mere formality that serves only to confirm his disbarment" (Matter of Percoco, 171 AD3d 1450, 1452 [2019]). We therefore grant AGC's motion and publicly confirm respondent's disbarred status, striking his name from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Ferriero, 172 AD3d 1698, 1699 [2019]; Matter of Tendler, 131 AD3d 1301, 1302 [2015]).
Garry, P.J., Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 30, 2019; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).