Matter of Werther (2021 NY Slip Op 02215)





Matter of Werther


2021 NY Slip Op 02215


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

PM-47-21
[*1]In the Matter of Jay Robert Werther, an Attorney. (Attorney Registration No. 5198676.)

Calendar Date:March 15, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2013 and currently lists a business address in Latham with the Office of Court Administration. In February 2020, respondent pleaded guilty to two counts of driving while intoxicated (hereinafter DWI) in violation of Vehicle and Traffic Law § 1192 (3), which convictions are deemed class E felonies in New York given respondent's prior misdemeanor DWI convictions (see Vehicle and Traffic Law § 1193 [1] [c]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a) for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date he pleaded guilty to the felony charges. Respondent has not responded to the motion.
Respondent was automatically disbarred and ceased to be an attorney by operation of law in February 2020 when he pleaded guilty to class E DWI felonies in New York, which plea, for attorney discipline purposes, "served as the equivalent of a conviction" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of Sherwood, 164 AD3d 1539, 1539 [2018]). Accordingly, "AGC's motion to strike respondent's name from the roll of attorneys is a mere formality that serves only to confirm his disbarment" (Matter of Percoco, 171 AD3d 1450, 1452 [2019]). We therefore grant AGC's motion and publicly confirm respondent's disbarred status, striking his name from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Kenney, 164 AD3d 1519, 1519 [2018] Matter of Tendler, 131 AD3d 1301, 1302 [2015]).
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to February 13, 2020; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).