Matter of Litz (2025 NY Slip Op 05868)

Matter of Litz

2025 NY Slip Op 05868

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

PM-238-25
[*1]In the Matter of Kevin Michael Litz, an Attorney. (Attorney Registration No. 4987756.)

Calendar Date:October 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, McShan and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Anderson, Moschetti & Taffany PLLC, Latham (Peter J. Moschetti Jr. of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and maintains a Schenectady County business address with the Office of Court Administration. Respondent was arraigned in Schenectady County Court upon a multicount felony indictment in March 2025, which had stemmed from respondent's notarization of a witness' signature on a self-proving affidavit that he later attempted to file with Surrogate's Court. On September 5, 2025, respondent pleaded guilty to a single count of the class E felony of tampering with physical evidence (see Penal Law § 215.40 [1] [b]) in full satisfaction of the indictment. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves to strike respondent's name from the roll of attorneys as a consequence of his felony plea. Respondent advises via correspondence that he does not oppose AGC's motion.
Respondent's conviction of a New York felony results in his automatic disbarment by operation of law and, for purposes of this proceeding, his plea of guilty serves as the functional equivalent of a conviction (see Matter of Pastel, 203 AD3d 1306, 1307 [3d Dept 2022]; Matter of Sherwood, 164 AD3d 1539, 1539-1540 [3d Dept 2018]; Matter of Butcher, 153 AD3d 1127, 1127 [3d Dept 2017]; see also Judiciary Law § 90 [4] [a], [b], [e]). Accordingly, AGC's motion to strike respondent's name from the roll of attorneys following his conviction for a felony in this state is "a formality which merely confirms respondent's disbarred status" (Matter of Brunet, 106 AD3d 1443, 1443 [3d Dept 2013]; see Matter of Werther, 193 AD3d 1228, 1228 [3d Dept 2021]). Thus, we grant AGC's motion, confirm respondent's disbarment and strike his name from the roll of attorneys nunc pro tunc to September 5, 2025, the date of his guilty plea (see Matter of Tendler, 131 AD3d 1301, 1302 [3d Dept 2015]; Matter of Russell, 216 AD2d 790, 791 [3d Dept 1995]).
Garry, P.J., Pritzker, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to September 5, 2025; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall [*2]duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.