■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PENDLETON, Appellant.—Judgment of the Supreme Court, New York County, rendered July 28, 1978, modified, on the law and the facts, by reducing the sentence imposed upon defendant from a minimum of four years and a maximum of eight years to a minimum of three years and a maximum of six years, and, except, as so modified, affirmed. Defendant was charged with robbery in the first degree and related crimes. He was permitted to plead guilty to robbery in the second degree to cover the indictment. At the taking of the plea the court informed the defendant: "There is going to be a probation report. It appears that you have previously been convicted of a felony. If that is the case, I must impose a minimum sentence as well as a maximum sentence. Although I could impose a sentence of up to 15 years, it's my intention to impose a minimum term of three years and a maximum term of six years. That sentence will run concurrently with a sentence in Kings County if you have been sentenced in Brooklyn before your sentence in this case. Has anyone made any *other promises* to you about your sentence in this case? (Italics supplied.) THE DEFENDANT: No". At the sentencing the court noted that: "the complaining witness does request the Court to impose substantial punishment which reinforces my opinion that the offer that I made to the defendant of a sentence of a minimum of three years and a maximum of six years is not sufficient in view of all the circumstances in this case. MR. VERGARI [the prosecutor]: I should also state for the record that the complainant again stated that he felt this defendant did help or did prevent his accomplice from killing the complaining witness. That was his feeling but he did feel at the time it happened he did feel he would like the maximum possible punishment in the Justice's sentence". Thereupon the court offered the defendant the opportunity to withdraw his plea, informing him that if he failed to do so he would impose a sentence of not less than four and not more than eight years. The defendant refused to withdraw the plea and the court imposed a sentence of a minimum of four years and a maximum of eight years. We have hitherto held that a defendant "had no absolute right to have his plea of guilt accepted * * * But after its acceptance and full agreement on sentence reached, in the absence of fraud the court had no inherent power to set the plea aside without the defendant's consent" *(People v Griffith,* 43 AD2d 20, 24). Here, the plea had been accepted with full agreement on sentence. Though the complainant felt that the sentence should be "the maximum possible punishment" the court had not reserved the right to withdraw the plea, nor did the probation report or other circumstances brought to his attention warrant such withdrawal. In the absence of such a reservation or other information, he could not withdraw the plea or impose a sentence higher than that promised. We modify the judgment accordingly. Concur—Sandler, Sullivan and Bloom, JJ.

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: I would affirm the conviction. In *People v Selikoff* (35 NY2d 227, 238), the Court of Appeals said: "any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources. That the court in the *Selikoff* case did not explicitly condition its 'promise' (although the implication could hardly be clearer) upon its later evaluation after reading the presentence report, or the facts it learned from the trial of the codefendants, is therefore of no consequence." Of course, if the Judge wishes to depart from his promise, he must give the defendant an opportunity to withdraw the plea of guilty. But if defendant, given that opportunity and knowing that the Judge is not going to keep his original promise, declines the opportunity to withdraw his plea, then the Judge may impose whatever sentence he deems proper within the legal limits, without regard to the plea promise. That is precisely what happened here. The Judge was of the opinion that the original offer was not sufficient, and after giving the defendant the opportunity to withdraw, which defendant declined, the Judge imposed the sentence now appealed from. I think it perfectly proper for the Judge to consider, though of course he was not bound by, the views of the victim of the crime. The Judge said: "the complaining witness does request the Court to impose substantial punishment which reinforces my opinion that the offer that I made to the defendant of a sentence of a minimum of three years and a maximum of six years is not sufficient in view of all of the circumstances in this case." He referred to the four- to eight-year sentence that he finally imposed as "the sentence that I believe is appropriate." He said: "I think the sentence I would impose is too lenient, four to eight years, for the fact[s] in this case I think the sentence of three to six is much too lenient. I'm only going to impose a four to eight year sentence because you did plead guilty some time ago." Obviously referring to *People v Selikoff (supra)*, the trial court said: "the Court of Appeals has ruled in cases of this kind sentence is also considered on a probation report and until that report is received this plea bargain cannot be enforced as long as the defendant is put back to the position before the plea he hasn't lost the benefit of that bargain." "Specific performance" may not be applied in a criminal case to compel the Judge to impose a sentence, which after mature reflection and consideration of the probation report, he deems to be inappropriate. *(People v Selikoff,* 35 NY2d 227, 238, *supra.)* While the result would be the same in my thinking even if the offer had been in terms of promise rather than statement of intention, I note that in fact what the court said at plea was "it's my *intention* to impose" a three- to six-year term. (Italics added.)