■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MICHAEL JONES, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 5, 1978, convicting the defendant, upon his plea of guilty, to the crime of attempted murder in the second degree, and sentencing him to an indeterminate term of from 3⅓ to 10 years, unanimously modified, on the law and in the interest of justice and as a matter of discretion, to reduce defendant's sentence to an indeterminate term of 3 to 10 years, and otherwise affirmed. We are of the opinion that defendant is entitled to specific performance of the plea bargain. At the plea, the following colloquy took place: "THE COURT: Was any promise made by either your lawyer, the district attorney or the Court? THE DEFENDANT: NO. THE COURT: Other than the fact that the Court had indicated it would impose a sentence of not less than three years nor more than ten years. Was any other promise made? THE DEFENDANT: NO." At sentencing the court stated in two instances that the minimum term to be imposed would be three years. Realizing this to be error, the court amended the minimum to correct an obvious misstatement. Although a motion to withdraw the plea was not made, the defendant is entitled to a four-month reduction in the minimum term as a matter of essential fairness. As the Court of Appeals remarked recently: "a promise made by a State official authorized to do so and acted upon by a defendant in a criminal matter to his detriment is not lightly to be disregarded [citations omitted]. Of importance also is the detrimental effect on the criminal justice system that will result should it come to be believed that the State can renege on its plea bargains with impunity notwithstanding defendant's performance. Finally to be noted is the fact that specific performance rather than vacation of the plea works to the benefit of the State in those cases in which the staleness of the indictment would make it difficult if not impossible for the prosecution to obtain a conviction" (People v McConnell, 49 NY2d 340, 349). An objective reading of the plea bargain can leave no doubt that defendant's reliance on a three-year minimum is not misplaced and this understanding should be honored (People v Gray, 65 AD2d 525); commendably, the People consent. The defendant's final argument of excessive sentence is without merit. Concur—Sullivan, J. P., Ross, Markewich, Silverman and Yesawich, JJ.

■ BEATRICE A. KARBOWSKI, Petitioner, v BANK OF CALIFORNIA INTERNATIONAL et al., Respondents.—Order of the State Human Rights Appeal Board, dated October 1, 1979, unanimously confirmed, without costs and without disbursements. (See Matter of Callaghan v State Div. of Human Rights, 72 AD2d 679.) No opinion. Concur—Murphy, P. J., Sullivan, Silverman, Bloom and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT ANDREWS, Appellant.—Determination of the appeal from the judgment of the Supreme Court, New York County, rendered on July 29, 1977, unanimously held in abeyance and defendant is granted leave to file a supplemental brief as indicated in the order of this court. No opinion. Concur—Fein, J. P., Sullivan, Ross, Silverman and Carro, JJ.