THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
THOMAS M. JONES, Appellant.

Third Department, February 2, 1984

APPEARANCES OF COUNSEL

*David Clegg* for appellant.

*Michael Kavanagh, District Attorney* (*Marsha Solomon* of counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

Following a preplea conference, defendant pleaded guilty to the felony of operating a motor vehicle while under the influence of alcohol after having previously been convicted of the misdemeanor of driving while intoxicated. In return for the plea, the trial court expressly promised that defendant would receive a sentence of not more than 60 days in jail and a $500 fine, with the sole proviso being that upon the court's review of the presentence probation report, if "something shows up that indicates to me a more severe sentence should be imposed, why, then, of course, the commitment here no longer stands. I will, however, permit you to withdraw your plea of guilty".

When defendant's case came on for sentencing, the court conceded "that there is nothing unusual or surprising * * * demonstrated in the presentence report". It declared its intention, however, to impose a term of probation in addition to the sentence previously promised on the ground that it was through inadvertence that it did not "mention" the additional term of probation at the preplea conference or when the plea was taken. After defendant declined the court's offer to withdraw his guilty plea, and over his objection that the plea bargain should be adhered to, the court imposed a sentence to include an additional term of 4 years and 10 months on probation, including as a condition thereof that defendant abstain from driving while on probation. Defendant now appeals from that sentence.

Defendant's sentence should be modified in accordance with the plea bargain. Under the circumstances presented, namely, that there were no new facts meriting a harsher sentence disclosed through the presentence report or from any other legitimate source, the sentencing court was not at liberty to disregard its promise on the sole ground that it had inadvertently failed to apprise defendant or his attorney of its intent to impose an additional term of probation.

Nor was the trial court's commitment satisfied by offering defendant the opportunity to withdraw his plea. The facts presented here closely parallel *People v Griffith* (43 AD2d 20). There, the court changed its mind on sentencing after the District Attorney overruled the prior recommendation of his assistants and urged a harsher penalty than was agreed upon. Finding itself unable to adhere to its earlier commitment, the trial court on its own motion vacated the defendant's plea. There, too, it was apparent that the court's change in position was not based upon anything contained in the presentence report. On appeal, it was held that the defendant in *Griffith* was entitled to specific performance of the plea agreement (*id.,* at pp 22-23).

In the landmark case of *People v Selikoff* (35 NY2d 227, cert den 419 US 1122), the Court of Appeals outlined the differing sets of circumstances in which a sentencing court, unwilling to keep a plea bargain, must nevertheless fulfill it, and when it suffices merely to permit withdrawal of the plea. *Selikoff* holds that the plea withdrawal option is enough when, after the plea, the court receives information upon which it legitimately could base a change in sentence: "Upon subsequently discovering that defendant was a major piece rather than a pawn in the fraudulent scheme, the court acted quite correctly in refusing to impose the promised sentence but allowing defendant to withdraw his guilty plea" (*id.,* at p 240). Where, however, no such new information is brought to the attention of the sentencing court, it must adhere to its bargain: "Of course, courts may continue, on the pleading record, to indicate the sentence they expect to impose. *The promise must be fulfilled provided there is nothing contained in the presentence report or in later learned facts rendering improvident the sentence promised* (see *People v. Griffith,* 43 A D 2d 20, 23, 25)" (*People v Selikoff, supra,* p 240; emphasis added). Since *Selikoff,* appellate courts have consistently adhered to the above-discussed distinctions made in that decision, directing specific performance of the plea agreement when there were no new facts or circumstances revealed after the plea was taken, or other just cause to excuse not honoring the commitment (see *People v Spencer,* 86 AD2d 843, 844; *People v Spector,* 85 AD2d 535, 538 [concurring opn], app

dsmd 56 NY2d 592; *People v Jones,* 75 AD2d 734; *People v Pendleton,* 73 AD2d 857; *People v Jacobsohn,* 60 AD2d 607, 609). Clearly, the merely inadvertent neglect to inform counsel at the plea conference and defendant at the plea taking of its intention to impose an additional punishment offered no more reasonable cause for the court not to have fulfilled its promise than the excuses presented in the cited cases.

Finally, we reject the District Attorney's argument that, under *People v McConnell* (49 NY2d 340), specific performance of the plea agreement is not required, and permission to withdraw the plea is sufficient unless a defendant has otherwise acted to his detriment in reliance on the promised sentence. In *McConnell,* after the plea was taken, the sentencing court was apprised of the more serious criminal involvement of the defendant through the subsequent trial of a codefendant. Thus, in *McConnell,* the court was presented with the classic situation, outlined in *Selikoff* (*supra*), in which reliable information was acquired by the court after the plea was made which, under *Selikoff,* relieved it of the obligation to adhere to its commitment. Even in such circumstances, however, the court in *McConnell* held that the defendant's detrimental reliance upon the plea bargain required specific performance. Since here there was no disclosure of new facts rendering improvident the sentence promised, we need not reach the issue of defendant's detrimental reliance thereon in order to require specific performance.

The judgment should be modified, on the law, by deleting from the sentence so much thereof as imposes a term of probation, and, as so modified, affirmed.

Kane, J. P., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Judgment modified, on the law, by deleting from the sentence so much thereof as imposes a term of probation, and, as so modified, affirmed.