■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CARNER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 3, 1987, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree and sodomy in the third degree.

In June 1985, defendant was charged in an 11-count indictment with committing various sex crimes against his three minor daughters. The charges stemmed from defendant's acts in, *inter alia,* forcing one of his daughters to engage in fellatio upon him and forcibly fondling his daughters. Defendant agreed to plead guilty to two counts of the crime of sexual abuse in the first degree, attempted sexual abuse in the first degree and sodomy in the third degree in full satisfaction of the charges against him. As part of the plea bargain, the prosecution agreed not to take a position at sentencing and County Court agreed to be bound by the recommendation of the Probation Department.

The subsequently prepared report of the Probation Department did not make a specific recommendation as to sentencing. The report recommended that County Court "should consider the options provided above and sentence the defendant accordingly based on that information and the pertinent information available to the court". Earlier in the report it was stated that lengthy punishment appeared appropriate in light of the nature of the offenses and the fact that the examining psychologists observed that defendant was not truthful with them and that the prognosis for successful treatment was poor. The report also contained proposed conditions which could be imposed in the event the court decided upon a sentence of probation.

In light of the fact that the report did not provide for a specific recommendation, defendant asked that sentencing be deferred until the Probation Department had reviewed the case again. However, the probation officer who had prepared the report was in court and stated that additional review would not change his recommendation. Since one of the options provided by the report was a sentence of imprisonment, County Court decided to sentence defendant to a prison term of 2⅓ to 7 years on the sexual abuse charges and 1 to 3 years on each of the remaining charges, all to run concurrently. This appeal followed.

Defendant contends that County Court violated the express terms of the plea-bargain agreement. We cannot agree. In the absence of relevant new information becoming available between the time of the taking of the plea and the date of sentencing, the sentencing court generally must adhere to the terms of the plea *(People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *People v Jones,* 99 AD2d 1, 3). Here, County Court agreed to impose a sentence consistent with the recommendation of the Probation Department. We note that we do

not look with favor upon an agreement by the court to be bound by whatever the Probation Department may recommend, thereby creating a situation where the Probation Department may, in effect, sentence the defendant. This case, however, does not directly present such a situation since the Probation Department did not make a specific recommendation as to sentencing. Although defendant apparently anticipated a specific recommendation, the probation report was general in nature and discussed the various options provided by law. County Court's sentence was consistent with the information supplied by the report.

Defendant's contention that the sentence imposed was unduly harsh and excessive and should be reduced in the interest of justice has been considered and found meritless.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.