[728 NYS2d 18]

In the Matter of ROBERT A. MACKASEK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2001

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert A. Mackasek was admitted to the practice

of law in the State of New York by the First Judicial Department on April 3, 1978.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. In his affidavit of resignation, respondent admits to converting client funds and tenders his resignation in the context of a pending disciplinary investigation.

The complaint that gave rise to this investigation stems from respondent's actions as an escrow agent. In March 1996, respondent was retained in connection with the sale of various taxicab corporations with interests in medallions. In April 1997, a transaction for sale took place in which respondent was the escrow agent for payments to be made to his clients as consideration for the sale of the medallion interests. Respondent was also the escrow agent with respect to the stock pledged as security for the sale of the interests. Pursuant to his escrow agency, respondent was obligated to disburse monies on a regular basis to the sellers. Thereafter, respondent converted to his own use between $300,000 to $400,000 of the funds which were to have been remitted to his clients. On or about October 25, 2000, a complaint was filed against respondent with the Disciplinary Committee regarding these undistributed funds, which were impermissibly diverted by respondent.

Respondent acknowledges that if formal disciplinary charges were filed against him for these acts he could not successfully defend himself on the merits against such charges. He further asserts that since on or about January 15, 2001, he has not actively practiced law and has limited his involvement to winding down his practice and attempting to retrieve monies due from his accounts receivable for prior legal services rendered.

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys, effective immediately. The Committee also requests that respondent be ordered to make monetary restitution or reimbursement.

A review of the affidavit of resignation submitted by respondent indicates that he has fully complied with the requirements of Court Rule (22 NYCRR) 603.11. Respondent acknowledges that: (1) he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily submitted without coercion or duress; and (3) he is fully aware of the implications of submitting his resignation, to wit, that his name will be stricken from the roll of attorneys.

Under Judiciary Law § 90 (6-a) (e), where an attorney is permitted to resign from office, this Court "may, if appropriate, issue an order as provided herein requiring him or her to make payments specified" by subdivision (6-a). Pursuant to Judiciary Law § 90 (6-a) (a) this Court may order an attorney to make monetary restitution and may require that he reimburse the Lawyers' Fund for Client Protection for awards made to the person whose money or property was wilfully misappropriated or misplaced. Such monetary restitution "shall be made to the person whose money or property was willfully misappropriated or misapplied and shall be for the amount or value of such money or property, as found in the disciplinary proceedings" (Judiciary Law § 90 [6-a] [b]). The Committee requests that the Court direct such restitution.

The Court has been advised that respondent is in the process of arranging a restitution agreement with the Lawyers' Fund for Client Protection. Based on this fact, the motion to direct restitution is denied without prejudice. Should no restitution agreement be executed, the Committee is granted leave to reapply for an order pursuant to Judiciary Law § 90 (6-a) (b).

Accordingly, the motion should be granted to the extent of accepting respondent's resignation and striking his name from the roll of attorneys in the State of New York, effective immediately.

WILLIAMS, J. P., ELLERIN, WALLACH, LERNER and RUBIN, JJ., concur.

Resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof; motion otherwise denied, as indicated.