■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARYN A. CONSILIO, Appellant. [902 NYS2d 749]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 27, 2009. The judgment convicted defendant, upon her plea of guilty, of burglary in the second degree, aggravated cruelty to animals, and criminal contempt in the first degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed for criminal contempt in the first degree under counts five, seven, and nine of the indictment shall run consecutively with respect to each other and concurrently with the sentences imposed for burglary in the second degree under count one of the indictment and aggravated cruelty to animals under count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of one count each of burglary in the second degree (Penal Law § 140.25 [2]) and aggravated cruelty to animals (Agriculture and Markets Law § 353-a), and three counts of criminal contempt in the first degree (Penal Law

§ 215.51 [b] [iv] [two counts]; [d] [one count]). County Court's stated "intention" at sentencing was to impose an aggregate term of incarceration of 5 to 12 years pursuant to the terms of the plea agreement. The sentence actually imposed, however, and thus the commitment order specified that a minimum aggregate term of over nine years was imposed, and the Department of Correctional Services calculated the sentence accordingly. We exercise our power to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), in order to effectuate the sentence promised under the plea agreement (*see People v Parker*, 271 AD2d 63, 70-71 [2000], *lv denied* 95 NY2d 967 [2000]; *People v Jones*, 99 AD2d 1, 3-4 [1984]; *People v Jones*, 75 AD2d 734 [1980]). We therefore modify the judgment by directing that the sentences imposed for criminal contempt in the first degree under counts five, seven, and nine of the indictment shall run consecutively with respect to each other and concurrently with the sentences imposed for burglary in the second degree under count one of the indictment and aggravated cruelty to animals under count three of the indictment. The further challenge by defendant to the court's suppression ruling is precluded by her valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Trueheart*, 71 AD3d 1446 [2010]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.