■ The People of the State of New York, Respondent, v Eric S. Gonzalez, Appellant. [947 NYS2d 919]—

Spain, J.

In accordance with a plea agreement, defendant pleaded guilty to all counts set forth in two separate indictments: attempted murder in the second degree (two counts), assault in the second degree, menacing in the second degree, criminal contempt in the first degree, menacing a police officer, attempted burglary in the first degree and criminal contempt in the second degree. As per the plea agreement, defendant's pleas also satisfied a number of pending charges in other courts in Franklin County. Defendant was sentenced as agreed to an aggregate prison term of 14 years with five years of postrelease supervision. His waiver of appeal explicitly reserved his right to raise issues pertaining to his sentence, which he now challenges on this appeal.

Specifically, defendant contends that his plea allocution—the legal sufficiency of which he expressly does not challenge—is factually inadequate to permit meaningful appellate review of the harshness of his sentence. We disagree and, moreover, note that our review is not limited to the facts presented at the plea proceedings. Here, in addition to the detailed allegations in the indictments to which defendant fully admitted, the presentence

investigation report contains ample information surrounding the many crimes at issue. The record establishes that defendant's crimes spanned 2009 and 2010 and involved two separate attempts to murder the same victim and repeated threats to kill her, menacing a police officer with a knife, and displaying egregious contempt of court. Defendant's extensive violent criminal record and his significant history of untreated drug and alcohol abuse are also documented. Upon considering all of these factors, we are not persuaded that the agreed-upon sentence was harsh or excessive (*see People v Knott*, 92 AD3d 975, 976 [2012], *lv denied* 18 NY3d 995 [2012]; *People v Bridge*, 71 AD3d 1197, 1199 [2010]).

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgments are affirmed.