Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: December 29, 2016                    107497
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL KATSAFAROS,
                        Appellant.
_____

Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____

Alexander W. Bloomstein, Hillsdale, for appellant.

Paul Czajka, District Attorney, Hudson (Trevor O. Flike of counsel), for respondent.

_____

Garry, J.P.

Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered May 6, 2014, convicting defendant upon his plea of guilty of the crime of rape in the second degree.

Defendant, then 62 years old, pleaded guilty to the sole count of an indictment charging him with rape in the second degree and admitted that he had sexual intercourse with a person who was under the age of 15. A waiver of appeal was set forth as a term of the plea agreement during the allocution, and defendant signed a written plea document that included a qualified waiver of appeal. The People agreed not to make a sentencing recommendation; however, County Court orally advised defendant that the maximum potential punishment would be a prison term of

seven years followed by three years of postrelease supervision, and this statement was repeated in the written document. Defendant was thereafter sentenced to a prison term of five years with 10 years of postrelease supervision. Defendant appeals.

County Court failed to adequately distinguish the right to appeal from those rights that are automatically forfeited upon a guilty plea, thus rendering defendant's appeal waiver invalid (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). Moreover, as the People concede, defendant retained the right to appeal from his sentence, as the plea document provided that he had that right if his sentence was not jointly recommended (see People v Gonzalez, 97 AD3d 985, 985 [2012]).

Defendant contends that the sentence was harsh and excessive. In view of the serious nature of defendant's crime, however, we find no extraordinary circumstances or abuse of discretion warranting a modification of the prison term in the interest of justice (see People v Rought, 90 AD3d 1247, 1249 [2011], lv denied 18 NY3d 962 [2012]; People v Davis, 72 AD3d 1274, 1276 [2010]).

There is, however, a separate issue relative to the term of postrelease supervision. Defendant's guilty plea was, in part, induced by County Court's specific statement that the period of postrelease supervision would not exceed three years. Without explanation, the court subsequently imposed a 10-year period of postrelease supervision. That period was within the authorized range for defendant's offense (see Penal Law §§ 70.02 [1] [c]; 70.45 [2-a] [d]; 70.80 [a]), but nothing in the record suggests that the previously stated shorter period had become improvident as a result of changed circumstances or new information (cf. People v Selikoff, 35 NY2d 227, 240 [1974], cert denied 419 US 1122 [1975]). Defendant was not given an opportunity to withdraw his plea before his sentence was imposed, did not move to withdraw his plea, and has represented to this Court that he does not wish to do so. Under these circumstances, we find that County Court is bound by its prior statement and that defendant is entitled to specific performance of the plea agreement (see People v Carner, 142 AD2d 789, 790 [1988], lv denied 72 NY2d 955

[1988]).  As the error was not preserved, we exercise our interest of justice jurisdiction to reduce the period of postrelease supervision to three years (see People v Vinson, 73 AD3d 590, 590 [2010], lv denied 15 NY3d 810 [2010]; People v Bradshaw, 271 AD2d 63, 71 [2000], lv denied 95 NY2d 967 [2000]; People v Jones, 99 AD2d 1, 3 [1984]).

Egan Jr., Rose, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision to three years, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court