Matter of Zwijacz (2022 NY Slip Op 00244)





Matter of Zwijacz


2022 NY Slip Op 00244


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

PM-14-22
[*1]In the Matter of Ellen Karena Zwijacz, an Attorney. (Attorney Registration No. 4585170.)

Calendar Date:December 6, 2021

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
E. Stewart Jones Hacker Murphy LLP, Troy (Julie A. Nociolo of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2008 and presently lists a Saratoga County business address with the Office of Court Administration. In November 2021, respondent pleaded guilty to the class C felony of grand larceny in the second degree in violation of Penal Law § 155.40 (1). This conviction arose from respondent's conceded actions in, among other things, falsifying an elderly estate client's trust, banking and life insurance documents for the purpose of misappropriating over $860,000 for her own personal use. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a) for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date that she pleaded guilty to the felony charge. Respondent does not oppose the motion.
Respondent was automatically disbarred and ceased to be an attorney by operation of law in November 2021 when she pleaded guilty to grand larceny in the second degree, which plea, for attorney discipline purposes, "served as the equivalent of a conviction" (Matter of Butcher, 153 AD3d 1127, 1127 [2017]; see Matter of Tendler, 131 AD3d 1301, 1302 [2015]). Consequently, AGC's motion merely serves as a predicate to the "mere formality" of confirming her disbarment (Matter of Percoco, 171 AD3d 1450, 1452 [2019]; see Matter of Werther, 193 AD3d 1228, 1228 [2021]). We accordingly grant AGC's motion, publicly confirm respondent's disbarred status and strike her name from the roll of attorneys nunc pro tunc to the date of her guilty plea (see Matter of Sherwood, 164 AD3d 1539, 1539 [2018]; Matter of Kenney, 164 AD3d 1519, 1519 [2018]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to November 1, 2021; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240[*2].15).