Matter of Pastel (2022 NY Slip Op 01377)





Matter of Pastel


2022 NY Slip Op 01377


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

PM-48-22
[*1]In the Matter of Anthony Michael Pastel, an Attorney. (Attorney Registration No. 5286059.)

Calendar Date:February 22, 2022

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Colangelo and McShan, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dreyer Boyajian LLP, Albany (Lauren S. Owens of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2014 and most recently served as a Greene County Assistant Public Defender. In January 2022, respondent pleaded guilty to the class D violent felony of assault in the second degree (see Penal Law § 120.05 [1]; see also Penal Law § 70.02 [1] [c]) upon his admission to repeatedly punching his then-girlfriend with a closed fist, fracturing her skull and causing a brain bleed and resulting brain damage. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order striking respondent's name from the roll of attorneys as a consequence of his guilty plea (see Judiciary Law § 90 [4] [a]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]). Respondent does not oppose the motion.
The conviction of any attorney of a New York felony results in that attorney's automatic disbarment by operation of law (see Judiciary Law § 90 [4] [a], [e]) and, for purposes of this proceeding, respondent's plea of guilty serves as the functional equivalent of a conviction (see Matter of Zwijacz, 201 AD3d 1200, ___, 156 NYS3d 926, 927 [2022]; Matter of Tendler, 131 AD3d 1301, 1302 [2015]). Consequently, the only task before us is the "mere formality" of confirming respondent's disbarred status (Matter of Percoco, 171 AD3d 1450, 1452 [2019]; accord Matter of Zwijacz, 156 NYS3d at 927). AGC's motion is therefore granted, respondent's disbarment is confirmed and his name is hereby stricken from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Tendler, 131 AD3d at 1302).
Garry, P.J., Aarons, Reynolds Fitzgerald, Colangelo and McShan, JJ, concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to January 19, 2022; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).