Matter of Cornwell (2023 NY Slip Op 01125)

Matter of Cornwell

2023 NY Slip Op 01125

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

PM-37-23
[*1]In the Matter of Stephen K. Cornwell Jr., an Attorney. (Attorney Registration No.4335790.)

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and previously served as Broome County District Attorney. In 2021, respondent and an alleged accomplice were charged in a multicount indictment in connection with allegations that they had stolen property belonging to the Broome County District Attorney's Office, among other things. Based upon public reporting concerning respondent's indictment, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation of his conduct by Chief Attorney's Complaint (see Rules of App Div, 3d Dept [22 NYCRR] § 806.7 [a]). Alleging that respondent has not cooperated with its ensuing investigation into his conduct, AGC has moved for respondent's interim suspension pending resolution of its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). AGC's application was by order to show cause marked returnable October 17, 2022 and respondent was to be heard in response on or before October 14, 2022, but he has not responded to the motion to date.
While that motion remained pending before this Court, on December 5, 2022, respondent pleaded guilty to the class E felony of grand larceny in the fourth degree (see Penal Law § 155.30 [2]), in full satisfaction of the aforementioned multicount indictment. AGC now moves for an order striking respondent's name from the roll of attorneys as a consequence of his felony conviction (see Judiciary Law § 90 [4]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [b]). Respondent has also not responded to AGC's latest application to date.
"The conviction of any attorney of a New York felony results in that attorney's automatic disbarment by operation of law" (Matter of Pastel, 203 AD3d 1306, 1307 [3d Dept 2022]; see Judiciary Law § 90 [4] [a], [e]) and a plea of guilty, for attorney disciplinary purposes, serves the same function as a judgment of conviction (see Matter of Zwijacz, 201 AD3d 1200, 1200 [3d Dept 2022]; Matter of Butcher, 153 AD3d 1127, 1127 [3d Dept 2017]). As we need only perform the ministerial task of confirming respondent's disbarred status (see Matter of Pastel, 203 AD3d at 1307; Matter of Zwijacz, 201 AD3d at 1200; Matter of Percoco, 171 AD3d 1450, 1452 [3d Dept 2019]), we grant AGC's motion and strike respondent's name from the roll of attorneys nunc pro tunc to December 5, 2022, the date of his guilty plea. Because respondent's disbarment is automatic and we have confirmed his disbarred status, AGC's September 2022 motion seeking respondent's interim suspension is dismissed as moot.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department seeking respondent's interim suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 is dismissed; and it is further
ORDERED that the motion of the Attorney [*2]Grievance Committee for the Third Judicial Department pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 and Judiciary Law § 90 seeking to strike respondent's name from the roll of attorneys and counselors-at-law of the State of New York is granted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to December 5, 2022; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).