Matter of Nestler (2023 NY Slip Op 04343)

Matter of Nestler

2023 NY Slip Op 04343

Decided on August 17, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 17, 2023

PM-176-23
[*1]In the Matter of Roy Karl Nestler, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Roy Karl Nestler, Respondent. (Attorney Registration No. 3927910.)

Calendar Date:July 17, 2023

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Nikolas S. Tamburello of counsel), for petitioner.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and most recently operated a law practice in the Town of Bethlehem, Albany County. In August 2020, however, petitioner commenced an investigation concerning a complaint against respondent by a matrimonial client alleging respondent's failure to timely remit client funds. Thereafter, alleging that respondent had not been cooperative in its investigation, petitioner moved for respondent's interim suspension, and this Court granted the motion and suspended respondent from practice by April 2021 order (193 AD3d 1320 [2021]). Respondent remains so suspended to date.
Thereafter, by petition of charges marked returnable April 17, 2023, petitioner alleged 14 rule violations by respondent — including misappropriation of client funds and making a false statement to a tribunal — arising from respondent's representation of the aforementioned matrimonial client and his participation in an unrelated estate matter. Based upon respondent's failure to file an answer to the petition, petitioner then moved for an order finding respondent in default, deeming the allegations of the petition admitted by respondent and granting a final order of discipline against him. By correspondence dated May 18, 2023 and filed with the Court on May 25, 2023, respondent requested that this Court stay all proceedings in this disciplinary proceeding because of unspecified criminal charges pending against him in Albany County. Petitioner was heard in response and this Court thereafter granted petitioner a limited stay, adjourning the proceeding to Tuesday, June 20, 2023. The Court also requested additional information from respondent pertaining to his criminal charges. Respondent has failed to respond to date, and we were notified by June 16, 2023 correspondence from petitioner that respondent has since pleaded guilty, before the County Court of Albany County (Ackerman, J.), to the crime of grand larceny in the second degree, a class C felony in violation of Penal Law § 155.40 (1).
Based upon these developments, petitioner has supplemented its pending default motion and requests (1) an order confirming respondent's disbarred status based upon his felony conviction and striking respondent's name from the roll of attorneys; (2) an order authorizing the divulgence of documents related to the instant disciplinary proceeding to the Albany County District Attorney's Office; (3) an order directing respondent to make monetary restitution; and (4) other relief the Court deems just and proper (see Judiciary Law § 90 [4] [a]-[b]; [6-a] [a]-[b]; [10]; Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.12, 1240.18). Petitioner's now-consolidated motion was marked returnable July 17, 2023 and respondent has not provided a response thereto.
It is well settled that a respondent is "automatically disbarred and cease[s] to be an attorney by operation of law" based upon a guilty plea to a felony and that guilty pleas "serve[ ] as the equivalent [*2]of a conviction" for attorney disciplinary purposes (Matter of Zwijacz, 201 AD3d 1200, 1200 [3d Dept 2022] [internal quotation marks and citation omitted]; see Judiciary Law § 90 [4] [a]-[b]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12). As such, since respondent pleaded guilty to the felony offense of grand larceny in the second degree on May 23, 2023, the "task before [this Court] is the 'mere formality' of confirming respondent's disbarred status" (Matter of Pastel, 203 AD3d 1306, 1307 [3d Dept 2022], quoting Matter of Percoco, 171 AD3d 1450, 1452 [3d Dept 2019]). We accordingly publicly confirm respondent's disbarred status and strike his name from the roll of attorneys nunc pro tunc to the date of his guilty plea (see Matter of Zwijacz, 201 AD3d at 1200). Further, since we have now publicly confirmed respondent's disbarment by operation of law, we need not address that aspect of petitioner's motion seeking to hold him in default on the pending petition of charges (see Matter of Percoco, 171 AD3d at 1452 n 2).
As to petitioner's divulgence request, upon the Court's order confirming respondent's disbarment status based upon his felony conviction, "the records and documents in relation thereto shall be deemed public records" (Judiciary Law § 90 [10]). However, inasmuch as petitioner's investigatory file may contain information beyond that which has been presented for our consideration here, and inasmuch as petitioner has demonstrated good cause for divulgence in order to provide the Albany County District Attorney's Office with a more complete record of respondent's actions in light of the nature of the criminal charge to which he pleaded guilty as well as the apparent plea agreement, we grant that aspect of petitioner's motion seeking an order of divulgence.
As to petitioner's request for an order of restitution, petitioner notes that, while respondent has been offered the opportunity to make restitution in exchange for a reduced charge, there is no order of County Court directing him to do so. As such, petitioner requests that this Court direct respondent to make monetary restitution in the amount of $512,809.12 to the Korinek estate and/or reimburse the Lawyers' Fund for Client Protection.[FN1] Petitioner notes that, should respondent choose not to make restitution in the context of his criminal prosecution and instead accept his current plea agreement, he would be unjustly enriched and the Korinek estate will not be made whole. Nonetheless, by respondent's own admission under oath before County Court, he stole from the Korinek estate with the intent to deprive or to misappropriate. As such, we explicitly find, for purposes of this proceeding, that respondent engaged in misappropriation and, therefore, the predicate for an order of restitution has been established (see Judiciary Law § 90 [6-a] [a]). However, in deference to the ongoing restitution arrangement as negotiated by County Court, and mindful that additional information [*3]may be divulged to the Albany County District Attorney's Office, we deny that aspect of petitioner's motion which has requested an order of restitution, without prejudice to renewal of that request should no restitution be made on or before respondent's sentencing before County Court (see Matter of Mackasek, 285 AD2d 184, 186 [1st Dept 2001]).
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that respondent's motion is granted in part and denied in part as set forth in the above decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to May 23, 2023; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that petitioner is authorized to divulge, to the Albany County District Attorney's Office, any and all documents related to the instant disciplinary proceeding and petitioner's related investigations.

Footnotes

Footnote 1: Petitioner seeks restitution in the amount of $512,809.12 while respondent's criminal plea allocution contemplated restitution in the amount of $512,309.12. To explain this discrepancy, petitioner notes that the total amount of Korinek estate funds transferred to respondent's business account was $1,047,809.12 while the documents from the Albany County District Attorney's Office note a beginning balance in that account of $1,047,309.12.