People v Nestler (2025 NY Slip Op 05852)

People v Nestler

2025 NY Slip Op 05852

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

CR-24-1710

[*1]The People of the State of New York, Respondent,

v

Roy K. Nestler, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Lynch, Fisher and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.

Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Lynch, J.

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered May 23, 2024, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree.

On May 23, 2023, defendant waived indictment and pleaded guilty as charged in a superior court information to grand larceny in the second degree, pursuant to a plea agreement that required a waiver of appeal. The charges stem from defendant's conduct in stealing approximately $512,000 from an estate for which he was retained as an attorney to provide legal representation. Prior to defendant's guilty plea, County Court rejected the People's plea offer — which would have permitted a plea to grand larceny in the third degree with a prison term of 2 to 6 years, with restitution — but indicated that it would accept a guilty plea to grand larceny in the second degree, adjourn sentencing for one year and, if defendant made full restitution, it would allow him to withdraw his plea and enter a guilty plea to grand larceny in the third degree. The court stated that, if that occurred and defendant paid restitution and entered a plea to the reduced felony, "[t]he sentence would be the same, but [the court] would have a strong inclination to have included in that sentence [a period of] probation." At sentencing a year later, County Court found that defendant had failed to pay any restitution and imposed an enhanced prison sentence of 4 to 12 years and ordered defendant to pay restitution.[FN1] Defendant appeals.

Defendant argues that County Court erred in imposing a prison sentence in excess of that promised in the plea agreement and requests that this Court resentence him to the agreed-upon term of 2 to 6 years in prison, without remanding the matter to County Court. Defendant contends that while payment of restitution was contemplated prior to sentencing, County Court never advised him that if he failed to pay restitution by the sentencing date it could impose an enhanced prison sentence. We agree. Defendant's argument survives his unchallenged appeal waiver (see People v Lane, 233 AD3d 1207, 1210 [3d Dept 2024], lv denied 43 NY3d 945 [2025]; People v Hockenbury, 190 AD3d 1155, 1156 [3d Dept 2021], lv denied 37 NY3d 957 [2021]), but was not preserved by an objection or postallocution motion prior to sentencing (see People v Perry, 235 AD3d 1041, 1044 [3d Dept 2025], lv denied 43 NY3d 965 [2025]). However, given that the court's enhanced sentence was pronounced at the very end of the sentencing proceeding, without advance warning that it was considering an enhanced sentence or even a clear finding that defendant had violated an express condition of the plea agreement, we find that he had no practical ability to raise an objection and, thus, preservation was not required (see People v Williams, 27 NY3d 212, 221 [2016]; People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]).[FN2] Under settled law, "the violation of an explicit and objective plea condition [*2]that was accepted by the defendant can result in the imposition of an enhanced sentence, and, conversely, a sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Brabant, 229 AD3d 892, 897 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Drayton, 189 AD3d 1892, 1894 [3d Dept 2020]; People v Tole, 119 AD3d 982, 984 [3d Dept 2014]).

While defendant was informed that the opportunity to enter a plea to the reduced felony with a potential probationary component to his sentence was conditioned on making restitution, defendant was never advised that failure to pay restitution prior to sentencing could result in an enhanced sentence greater than the agreed-upon sentence. Although defendant was later advised during the plea allocution that the plea agreement and promised sentence were subject to certain specified conditions [FN3] and that, if he violated those conditions, the court was not bound by the agreed-upon sentence and could sentence him up to the maximum prison sentence of 15 years, payment of restitution prior to sentencing was not one of the specified conditions. Moreover, County Court never made a finding at sentencing that defendant had violated a condition of the plea agreement by failing to pay restitution and did not put him on notice that it was considering an enhanced prison sentence. To the extent that the People rely on communication in the months following the guilty plea to argue that defendant understood the consequences of failing to make restitution, this is unavailing because the record must reflect that, at the time he entered a guilty plea, defendant was advised of and understood the conditions of the plea and the consequences of failing to abide those express conditions. Furthermore, a letter from County Court to the parties subsequent to the plea reflects that payment of restitution was a condition of permitting defendant to withdraw his guilty plea and enter a plea to a reduced charge, not a condition of his plea to grand larceny in the second degree with a promised sentence of 2 to 6 years. Given the foregoing, we find that defendant's failure to pay restitution prior to sentencing did not violate the plea terms so as to authorize the imposition of an enhanced sentence (see People v Ackley, 192 AD3d 1203, 1205 [3d Dept 2021]; People v Hunter, 173 AD3d 1249, 1251 [3d Dept 2019], lv denied 34 NY3d 933 [2019]; People v Denegar, 130 AD3d at 1141-1142).

Under the circumstances presented, we further conclude that enforcement of the plea agreement and imposition of the negotiated sentence is warranted. In People v Jones (99 AD2d 1 [3d Dept 1984]), this Court reviewed the Court of Appeals' "landmark case" of People v Selikoff (35 NY2d 227 [1974], cert denied 419 US 1122 [1975]), [*3]which "outlined the differing sets of circumstances in which a sentencing court, unwilling to keep a plea bargain, must nevertheless fulfill it, and when it suffices merely to permit withdrawal of the plea" (People v Jones, 99 AD2d at 3). We interpreted Selikoff as holding that "the plea withdrawal option is enough when, after the plea, the court receives information upon which it legitimately could base a change in sentence . . . . Where, however, no such new information is brought to the attention of the sentencing court, it must adhere to its bargain" (id.). Specific performance of a plea agreement is warranted "when there [are] no new facts or circumstances revealed after the plea was taken, or other just cause to excuse not honoring the commitment" (id.; see People v Katsafaros, 145 AD3d 1343, 1344 [3d Dept 2016], lv denied 29 NY3d 949 [2017]; People v Parker, 271 AD2d 63, 70-71 [4th Dept 2000], lv denied 95 NY2d 967 [2000]).

On this record, there is no new postplea information as to defendant's conduct in committing the underlying crime. The record does show that defendant, whose license to practice law had been suspended in April 2021 (see Matter of Nestler, 193 AD3d 1320, 1322 [3d Dept 2021]) and then revoked in August 2023 (see Matter of Nestler, 219 AD3d 1069, 1071-1072 [3d Dept 2023]), failed to make any restitution payments after the plea and prior to sentencing. As a consequence, County Court properly declined to allow defendant to plead guilty to a reduced felony. Correspondingly, defendant remains obligated to pay the full restitution amount. Accordingly, we conclude that the appropriate remedy is for this Court to impose the agreed-upon sentence.

Pritzker, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; defendant is sentenced to a prison term of 2 to 6 years and directed to make restitution in accord with County Court's restitution order dated May 23, 2024; and, as so modified, affirmed.

Footnotes

Footnote 1: In conjunction with the sentencing, County Court issued a separate "Restitution Order" dated May 23, 2024, ordering defendant to pay restitution in the principal amount of $514,309, plus a 5% surcharge amounting to $25,715, for a total sum due of $540,024 payable to the Albany County Probation Department for the benefit of the George Korinek Estate and The Lawyer's Fund for Client Protection.

Footnote 2: Even if preservation were required, we would choose to exercise our interest of justice jurisdiction to take corrective action (see People v Denegar, 130 AD3d 1140, 1141 [3d Dept 2015]; People v Tole, 119 AD3d 982, 984 [3d Dept 2014]).

Footnote 3: County Court conditioned the promised sentence on defendant appearing for sentencing, not committing further crimes and cooperation with the probation department.