Matter of Malamood (2025 NY Slip Op 07075)

Matter of Malamood

2025 NY Slip Op 07075

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

PM-287-25
[*1]In the Matter of Luke Steven Malamood, an Attorney. (Attorney Registration No. 4989455.)

Calendar Date:November 24, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Kelsey E. Roche of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Gerstenzang, Sills, Cohn & Gerstenzang, Albany (Joseph M. Gerstenzang of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and maintains a business address in Albany County with the Office of Court Administration. On July 16, 2025, respondent pleaded guilty to the crimes of assault in the second degree, a class D violent felony (see Penal Law § 120.05 [2]), and criminal contempt in the second degree, a class A misdemeanor (see Penal Law § 215.50), before Albany County Court (Little, J.) in full satisfaction of a multicount indictment. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves to strike respondent's name from the roll of attorneys as a consequence of his felony plea. Respondent advises via correspondence that he does not oppose AGC's motion.
Respondent's conviction of a New York felony results in his automatic disbarment by operation of law and, for purposes of this proceeding, his plea of guilty serves as the functional equivalent of a conviction (see Matter of Pastel, 203 AD3d 1306, 1307 [3d Dept 2022]; Matter of Kenney, 164 AD3d 1519, 1519 [3d Dept 2018]; see also Judiciary Law § 90 [4] [a], [b], [e]). Accordingly, following an attorney's conviction for a felony in this state, a motion by AGC to strike that attorney's name from the roll of attorneys is a "formality which merely confirms respondent's disbarred status" (Matter of Brunet, 106 AD3d 1443, 1443 [3d Dept 2013]; see Matter of Litz, 242 AD3d 1425, 1426 [3d Dept 2025]; Matter of Pastel, 203 AD3d at 1307; Matter of Kenney, 164 AD3d at 1519). Based on the foregoing, we grant AGC's motion and strike respondent's name from the roll of attorneys, effective July 16, 2025, the date of his plea (see Matter of Tendler, 131 AD3d 1301, 1302 [3d Dept 2015]).[FN1]
Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee of the Third Judicial Department is granted; and it is
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to July 16, 2025; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another, and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, [*2]within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: It is separately noted that, on July 21, 2025, respondent pleaded guilty to the crime of aggravated driving while intoxicated before Saratoga County Court (Davis, J.) (see Vehicle and Traffic Law § 1192 [2-a] [b]), and his felony conviction for that crime would have also resulted in his automatic disbarment but for his prior assault conviction in Albany County (see Matter of Kenney, 164 AD3d at 1519).